# Exhibit A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPT.
C. A. No.

|  |  |
|---|---|
| DAVID MANOR, Individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | **RECEIVED BY** |
| v. ) ) | APR 1 2 2017 |
| SANTANDER SECURITIES LLC, SANTANDER BANK, N.A., and SANTANDER HOLDINGS USA, ) ) ) ) | **MICHAEL LIPSITZ** |
| Defendants. ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff David Manor ("Plaintiff" or "Mr. Manor"), on his own behalf and on behalf of all others similarly situated, files this Complaint against Defendants Santander Securities LLC, Santander Bank, N.A., and Santander Holdings USA, Inc. (collectively, "Santander Defendants") and in support thereof alleges as follows:

### I.    INTRODUCTION

1.    Plaintiff David Manor, on his own behalf and on behalf of all others similarly situated who formerly worked for the Santander Defendants, brings this class action complaint seeking relief for, without limitation, the Santander Defendants' violations of the Massachusetts Wage Act, G.L. c. 149, §§ 148 &150, breach of contract and unjust enrichment.   The crux of this complaint is that the Santander Defendants unlawfully and intentionally instituted a policy of refusing to pay earned commissions and/or incentive based payments to their former employees when such employees resigned or were terminated.

1

## II.   PARTIES

2.      Plaintiff David Manor is an individual residing in Brookline, Massachusetts.

3.      Defendant Santander Holdings USA, Inc. is a foreign corporation organized under the laws of Virginia with a principle place of business at 75 State Street, Boston, Massachusetts, Suffolk County, 02109.  Santander Holdings USA, Inc. has listed its registered agent as: Corporation Service Company, 84 State Street, Boston, MA 02109.

4.      Defendant Santander Securities LLC is a Puerto Rico limited liability company having places of business in Suffolk County, Massachusetts and other locations within Massachusetts.  Defendant Santander Securities LLC is a wholly-owned subsidiary of Defendant Santander Holdings USA, Inc.  Santander Securities LLC is registered with the Massachusetts Secretary of State with the following listed registered agent: Corporation Service Company, 84 State Street, Boston, MA 02109.

5.      Defendant Santander Bank, N.A. is a foreign corporation and national bank that conducts business and maintains places of business in Suffolk County, Massachusetts and other locations within Massachusetts.  Defendant Santander Bank, N.A. is a wholly-owned subsidiary of Defendant Santander Holdings USA, Inc.  Santander Bank, N.A. maintains corporate headquarters at 75 State Street, Boston, MA 02109.

6.      Defendants Santander Holdings USA, Inc., Santander Securities LLC, and Santander Bank, N.A. will collectively be referred to as the "Santander Defendants."

7.      The Plaintiff brings this action on behalf of himself and a class of individuals similarly situated (the "Class").  The Class consists of individuals, including without limitation, financial consultants, registered representatives, brokers, licensed bankers, premier bankers, select bankers, branch managers and personal banking representatives who formerly worked for

2

the Santander Defendants at any time between February 2011 and the present and who were not paid for previously earned commissions and/or incentive based payments following their resignation or termination.

8.     Class action treatment is appropriate because the Class contains individuals who are similarly situated, and: (1) there are common issues of law and fact common to all the individuals as a Class; (2) the Class is so numerous that joinder of all individuals is impractical; (3) the named Plaintiff and his attorneys will fairly and adequately represent the interests of the Class; (4) the claims of the named Plaintiff are typical of the claims of the Class; and (5) common questions of law and fact predominate over any individual issues, making a class action the superior and most efficient method to adjudicate this matter.

### III.     JURISDICTION

9.     This Court has jurisdiction to address this matter pursuant to G.L. c. 149, § 150, G.L. c. 223A, § 3, and its inherent common law authority.

10.     While the parties to this matter are registered and affiliated with the Financial Industry Regulatory Authority ("FINRA"), these class action and common law claims are not subject to mandatory arbitration through FINRA pursuant to Section 13204 of the FINRA Code of Arbitration Procedure for Industry Disputes.

11.     The Plaintiff, David Manor, has received written assent to bring this private civil action from the Massachusetts Attorney General pursuant to M.G.L. c. 149, § 150. A copy of the assent letter is attached hereto and marked as **Exhibit A**.

3

## IV.   FACTS

12.    Santander Bank, N.A. is among the top 25 retail banks in the United States, with a presence in Massachusetts, Connecticut, Delaware, Maryland, New Hampshire, New Jersey, New York, Pennsylvania and Rhode Island.   Santander Bank, N.A. offers personal and commercial banking services to its customers, including, without limitation, savings and checking accounts, personal lines of credit, home equity lines of credit, credit cards and savings growth incentives.

13.    Santander Securities LLC offers retail brokerage, insurance and investment advisory services throughout Massachusetts through registered representatives, many of whom were also employees of Santander Bank, N.A.

14.    Defendants Santander Bank, N.A. and Santander Securities LLC are a wholly-owned subsidiaries of Defendant Santander Holdings USA, Inc.

15.    Upon information and belief, Defendants Santander Securities LLC, Santander Bank, N.A. and Santander Holdings USA, Inc. jointly controlled the work environment and jointly determined the payment policies that affected Plaintiff and the Class.

16.    On information and belief, Santander Holdings USA, Inc. has the authority to, and in fact does, control the policies and practices of Santander Securities, LLC and Santander Bank, N.A., including its employment and compensation policies.

17.    On information and belief, Santander Holdings USA, Inc. has the authority to, and in fact does, control the policies and practices of Santander Securities, LLC and Santander Bank, N.A. regarding payment (and nonpayment) of commissions and/or incentive based payments to a former employee after the employee resigns and/or is terminated.

4

18.     On information and belief, Santander Holdings USA, Inc., Santander Securities, LLC and Santander Bank, N.A. implement and apply identical policies to all of their employees with respect to the refusal and failure to pay earned commissions and/or incentive based payments after an employee resigns and/or terminates his or her employment and administers those policies in a substantially similar manner.

19.     In or around January of 2013, Santander Bank. N.A. and Santander Securities LLC hired Mr. Manor as a financial consultant.

20.     As part of his employment with Santander Bank. N.A. and Santander Securities LLC, Mr. Manor signed a standard employment agreement, which provided, among other things, that Mr. Manor would receive commission based wages in accordance with the Santander Defendants' commission plan.

21.     In or around December of 2014, the Santander Defendants required Mr. Manor and all of their other financial consultants and registered retail bank employees to execute an updated and uniform Representative Agreement ("December 2014 Representative Agreement") as a condition of their continued at-will employment.

22.     The December 2014 Representative Agreement promised that the Santander Defendants would pay Mr. Manor and its other similarly situated employees' wages in the form of commissions and/or incentive payments in accordance with a commission plan.

23.     The December 2014 Representative Agreement further states that commissions are deemed earned by the employee once the Santander Defendants receive payment of such commission from the dealer or issuer and pursuant to the provisions of the relevant commission plan.

5

24.     Upon information and belief, the Santander Defendants' commission plans include a provision whereby the Santander Defendants withhold fully earned commissions and/or incentive payments for up to sixty (60) days following an employees' termination, which term constitutes a violation of the Massachusetts Wage Act.

25.     As a financial consultant, Mr. Manor earned commissions by managing clients' money, selling annuities, selling mutual fund investments, selling investments in securities, and selling life insurance policies.

26.     Mr. Manor and similarly situated financial consultants often worked and shared clients with other employees of the Santander Defendants including, without limitation: licensed bankers; premier bankers; select bankers; branch managers and personal banking representatives.

27.     The Santander Defendants would pay out commissions and/or incentive payments to their employees on closed business on both a monthly basis and on a quarterly basis. In addition, the Santander Defendants would pay out quarterly commissions and incentive payments based upon employees' hitting quarterly goals and objectives.

28.     The Santander Defendants maintained and maintains a detailed accounting of their employees' sales and earned commissions through an online software program which identified, inter alia, all the employees' sales, pending and closed business, respective goals and earned commissions.

29.     While employed, Mr. Manor's monthly pay from the Santander Defendants was comprised of commissions that he earned from business that he wrote the previous month; from reoccurring commission trails emanating from accumulated business that he wrote in the past; and from a draw on future commissions.

6

30.    Mr. Manor was paid commissions on a monthly and/or quarterly basis depending on the type of commission.

31.    Mr. Manor's commission rate was 40% of gross amounts received by the Santander Defendants.

32.    Mr. Manor resigned from employment with the Santander Defendants on July 15, 2016.

33.    Between the end of June 2016 through his resignation on July 15, 2016, Mr. Manor earned commissions for new business that he wrote and also earned commissions on reoccurring trails from previous business totaling gross commissions of at least $27,750. Pursuant to the 2014 Representative Agreement, Mr. Manor is owed 40% commissions on such business, which totals at least $11,100 ($27,750 x .40 = $11,100).

34.    Mr. Manor is also owed earned commissions in the amount of $23,350 for business that was done in May and June of 2016, which totaled at least $58,380 in gross commissions ($58,380 x .40 = $23,350).

35.    On July 15, 2016, Mr. Manor met face-to-face with his manager, Carl Litsch, and Karin Fitch-Urbano, Sr. Human Resources Consultant for the Santander Defendants, participated in the meeting via phone. During this meeting Mr. Litsch and Ms. Fitch-Urbano confirmed that Mr. Manor had earned and was entitled to the full amount of commissions totaling $23,350 for business that was done in May through June of 2016.

36.    In total, Mr. Manor was owed at least $34,450 in earned commissions when he resigned on July 15, 2016 ($27,750 + $58,380 = $86,130 gross x .40% = $34,450).

37.    Despite repeated demands, the Santander Defendants have failed and refused to pay Mr. Manor the commissions, at least $34,450, that he earned prior to his resignation.

7

38. The Santander Defendants violated the Massachusetts Wage Act and breached the terms of the 2014 Representation Agreement by failing and refusing to pay Mr. Manor his earned wages as set forth above.

## V. CLASS ALLEGATIONS

39. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

40. Mr. Manor and all others similarly situated shared common job duties and responsibilities as, without limitation, financial consultants, registered representatives, brokers, licensed bankers, premier bankers, select bankers, branch managers and personal banking representatives employed by the Santander Defendants. Thus, Mr. Manor's experiences are typical of the experiences of the Santander Defendants' other former employees.

41. Mr. Manor and similarly situated financial consultants often shared clients with other employees of the Santander Defendants including, without limitation, employees holding the positions of: registered representatives; brokers; licensed bankers; premier bankers; select bankers; branch managers and personal banking representatives. These other positions earned incentives and commissions for work and closed business similar to that of Mr. Manor and other financial consultants, and also earned incentives and commissions for selling products and by opening bank accounts, personal lines of credit, home equity lines of credit, credit cards and savings growth incentives. In addition, financial consultants, registered representatives, brokers, licensed bankers, premier bankers, select bankers, branch managers and personal banking representatives were also able to earn incentives and/or commissions for cross selling and/or making cross referrals to each other.

8

42.    Upon information and belief, the Santander Defendants encourage their financial consultants, registered representatives, brokers, licensed bankers, premier bankers, select bankers, branch managers and personal banking representatives to make cross referrals to each other and are eligible to earn commissions and/or incentive payments from the Santander Defendants for successful cross referrals.

43.    The Santander Defendants would pay out commissions and incentive payments to their employees on both a monthly and quarterly basis, depending on the nature of the commission and/or incentive plan.  In addition, the Santander Defendants would pay out quarterly commissions based upon their employees' hitting quarterly goals and objectives.

44.    The job duties, working conditions, wages and compensation of the Plaintiff and all other financial consultants, registered representatives, brokers, licensed bankers, premier bankers, select bankers, branch managers and personal banking representatives are substantially similar, if not identical, at all of the Santander Defendants' locations throughout Massachusetts.

45.    The Plaintiff brings this action on behalf of himself and a Class of individuals similarly situated.  The Class consists of individuals including without limitation, financial consultants, registered representatives, brokers, licensed bankers, premier bankers, select bankers, branch managers and personal banking representatives, that had formerly worked in the retail bank divisions or in any other business unit of the Santander Defendants that entailed in whole or in part commission-based and/or incentive based compensation of employees between February 2011 and the date of judgment, who were not paid for commissions that they had already earned after they resigned and/or were terminated.  Class action treatment is appropriate because the Class contains individuals who are similarly situated, and (1) there are common issues of law and fact common to all the individuals as a Class, (2) the Class is so numerous that

9

joinder of all individuals is impractical, (3) the named Plaintiff and his attorneys will fairly and adequately represent the interests of the Class, (4) the claims of the named Plaintiff are typical of the claims of the Class and (5) common questions of law and fact predominate over any individual issues, making a class action the superior and most efficient method to adjudicate this matter.

46.     Mr. Manor as Plaintiff brings these claims on his own behalf and on behalf of all others similarly situated, including, without limitation, financial consultants, registered representatives, brokers, licensed bankers, premier bankers, select bankers, branch managers and personal banking representatives or any employee with any similar title who performed similar duties as the named Plaintiff, who have not been fully compensated for commissions earned prior to resigning and/or being terminated.

47.     Mr. Manor as Plaintiff will fairly and adequately represent and protect the interests of those who are similarly situated.

48.     Upon information and belief, the Santander Defendants instituted and to this day maintain an undisclosed and illegal policy of refusing to pay former employees commissions that were earned and due prior to the employees' resignation or termination.

49.     Upon information and belief, the Santander Defendants, through their managers and/or supervisors, have expressly told Class members that the Santander Defendants maintain a company policy that they do not pay earned commissions or incentive payments to employees after the employee resigns or is terminated.

10

50. The Santander Defendants' policy of refusing to pay fully earned commissions to employees who resign or are terminated constitutes a flagrant breach of contract and a violation of the Massachusetts Wage Act and the Santander Defendants are properly held liable at common law and under the Massachusetts Wage Act to every employee to whom compensation was denied under this policy within the applicable statute of limitations.

51. Mr. Manor's claims are typical of the claims of members of the Class. All claims are based on the same factual and legal theories.

52. Mr. Manor will fairly and adequately represent the interests of Class members. Mr. Manor has no conflict with any members of the Class and is capable and willing to serve as a Class representative. Mr. Manor has retained counsel competent and experienced legal counsel.

53. The named Plaintiff meets the requirements of G.L. c. 149, § 150 to pursue this case on behalf of himself and others similarly situated. Mr. Manor seeks to represent those similarly situated because they perform very similar job duties and are subjected to the same unlawful payment practices.

54. The Plaintiff and the Class also meet the requirements of Mass. R. Civ. P. 23 to pursue this action as a class action.

55. The Class is sufficiently numerous that joinder of all members is impracticable.

56. On information and belief, the Class encompasses at least hundreds of current and former employees of the Santander Defendants.

57. There are questions of law and fact which are common to all members of the Class. These questions predominate over any question affecting only individual Class members. The gravamen of this Complaint is based on discrete and uniform policies and practices of

11

Santander Holdings USA, Inc., Santander Securities, LLC and Santander Bank, N.A. that

affected a group of employees in a similar manner.

58. Common questions of law and fact predominate over individual questions.

Among the questions of law and fact common to the Plaintiff and the Class are:

      a. Whether the Santander Defendants' policy of failing to pay their former employees commissions and/or incentives that were earned during their employment violates the Massachusetts Wage Act;

      b. Whether the Santander Defendants' policy of failing to pay their former employees commissions and/or incentives that were earned during their employment breached the employees' employment contracts and resulted in unjust enrichment to the Santander Defendants; and

      c. Whether Santander Holdings USA, Inc. is liable for Santander Bank, N.A. and Santander Securities, LLC's violations of the Wage Act.

59. A class action is superior to other available methods for the fair and efficient

adjudication of the controversy, in that:

      a. The individual Class members are not aware that they have been wronged and are thus unable to prosecute individual actions;

      b. Concentration of the litigation concerning this matter in this Court is desirable;

      c. A failure of justice will result from the absence of a class action;

      d. The amounts at issue for individual Class members are not substantial enough to make individual actions economic; and

      e. The Class is of moderate size and no difficulties are likely to be encountered in the management of a class action.

## VI.    CAUSES OF ACTION

60.    For all counts that follow, Plaintiff hereby realleges and incorporates by reference

the facts and allegations contained in the preceding paragraphs of this pleading as if fully set

forth herein.

### COUNT I

### NON-PAYMENT OF WAGES/COMMISSIONS/INCENTIVE PAYMENTS
### IN VIOLATION OF M.G.L. c. 149, §§ 148, 150

61.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if

fully rewritten herein.

62.    M.G.L. c. 149, § 148 mandates the timely payment of all earned wages.

63.    M.G.L. c. 149, § 148 provides in relevant part that:

> "[e]very person having employees in his service shall pay weekly
> or bi-weekly each such employee the wages earned by him to
> within six days of the termination of the pay period during which
> the wages were earned if employed for five or six days in a
> calendar week, or to within seven days of the termination of the
> pay period during which the wages were earned if such employee
> is employed seven days in a calendar week ..."

64.    The Massachusetts Wage Act applies to commissions and incentive payments.

M.G.L. c. 149, § 148 states in pertinent part as follows:

> "This section shall apply, so far as is apt, to the payment of
> commissions when the amount of such commissions, less
> allowable or authorized deductions, has been definitely determined
> and has become due and payable to such employee, and
> commissions so determined and due such employees shall be
> subject to the provisions of section one hundred and fifty."

65.    The Santander Defendants violated the Massachusetts Wage Act, M.G.L. c. 149,

§§ 148, 150, by failing to pay commissions and/or incentive payments that were earned.

13

66.     Mr. Manor has received written assent to bring this civil action from the Massachusetts Attorney General pursuant to M.G.L. c. 149, § 150, which assent is attached hereto and marked as **Exhibit A**.

67.     The Santander Defendants' failure to comply with M.G.L. c. 149, §§ 148 & 150 entitles Mr. Manor and Class members to recover treble damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 149, § 150.

68.     Santander Holdings USA, Inc. is liable for Santander Bank, N.A. and Santander Securities LLC's failure to comply with M.G.L. c. 149, §§ 148, 150 because inter alia, it has the right to control the policy that harmed the Class by depriving Class members of wages.

## COUNT II

## BREACH OF CONTRACT

69.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

70.     Santander Defendants and the putative Class, including Mr. Manor, were parties to contracts under which the Santander Defendants had a duty and agreed to pay the Class wages, including without limitation commissions and incentive payments.

71.     The Santander Defendants breached their contractual duties by failing to pay Mr. Manor and Class members' wages, including without limitation commissions and incentive payments, which were earned pursuant to the terms of the contract.

72.     The Santander Defendants' breach was material.

73.     As a result of the Santander Defendants' breach, Mr. Manor and Class members suffered damages.

14

74.     The Santander Defendants' breach was both the proximate and actual cause of Plaintiff's and Class members' damages.

75.     The Santander Defendants' breach of contract entitles the Plaintiff and Class members to recover contract damages, including but not limited to, incidental and consequential damages, and pre-judgment interest from the date of the breach.

76.     Santander Holdings USA, Inc. is liable for Santander Securities LLC and Santander Bank, N.A.'s breach of contract because, inter alia, it has the right to control the policy that harmed the Plaintiff and the Class by depriving Class members of wages.

## COUNT III

### UNJUST ENRICHMENT

77.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

78.     The Santander Defendants received the benefit of Mr. Manor's and Class members' work, production, sales, and commissions without compensating them for the same.

79.     The Santander Defendants were unjustly and unfairly enriched by the amount of the unpaid wages as well as any profits they have made as a result of Plaintiff's and Class members' work.

80.     The Santander Defendants benefitted financially from their failure to pay Plaintiff and Class members the subject wages and, as a result, Plaintiff and Class members suffered damages.

81.     Santander Holdings USA, Inc. is liable for Santander Securities LLC and Santander Bank, N.A.'s unjust enrichment because, inter alia, it has the right to control the policy that harmed the Plaintiff and the Class by depriving Class members of wages.

15

**WHEREFORE**, the Plaintiff, on his own behalf and on behalf of all others similarly

situated, requests that the Court:

1. Certify this action as a class action pursuant to M.G.L. c. 149, § 150;

2. In the alternative, certify this action as a class action pursuant to Mass. R. Civ. P. 23;

3. Appoint Plaintiff David Manor as Class representative, and the undersigned as Class counsel;

4. Award treble damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 149, § 150 in an amount to be determined at trial on behalf of the Class;

5. Award damages for the Defendants' breach of contract and unjust enrichment, in an amount to be determined at trial, on behalf of the Class;

6. Enjoin the Defendants from continuing to apply this unlawful policy of refusing to pay fully earned commissions and/or incentive based compensation to employees who resign or are terminated; and

7. Award such other relief that the Court deems just.

## JURY DEMAND

The Plaintiff and all others similarly situated demand a jury trial for all claims so triable.

Respectfully submitted,

DAVID MANOR, Individually and on behalf
of all others similarly situated,

By his attorneys,

_____

Sean T. Carnathan, Esq. (BBO # 636889)
scarnathan@ocmlaw.net
David B. Mack, Esq. (BBO # 631108)
dmack@ocmlaw.net
Benjamin S. Kafka, Esq. (BBO# 640993)
bkafka@ocmlaw.net
O'Connor, Carnathan and Mack LLC
1 Van De Graaff Drive, Suite 104
Burlington, Massachusetts 01803

Dated:       February __, 2017       Tel. 781-359-9000

4835-4423-9171, v. 1

17

Ex A



# THE COMMONWEALTH OF MASSACHUSETTS
# OFFICE OF THE ATTORNEY
GENERAL

ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
TTY (617) 727-4765
www.mass.gov.ago

November 8, 2016

Attorney Benjamin Kafka
O'Connor, Carnathan & Mack, LLC
Landmark 1, Van De Graf Drive, #14
Burlington, MA 01803

RE:     Private Right of Action – David Manor
        Authorization for Immediate Private Suit: Santander

Dear Attorney Kafka:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

This letter is to inform you that we carefully reviewed the complaint and have determined that the proper resolution of this matter may be through a private suit in civil court. Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

Massachusetts General Laws, chapter 149, sec. 150 and chapter 151, secs. 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws. If you elect to sue in civil court, you may bring an action on your client's behalf and others similarly situated, and they may obtain injunctive relief, treble damages for any lost wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

Without making a judgment on the merits of the complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against the employer *as well as against the president, treasurer of the corporation and any officers or agents having the management of such corporation*, immediately, as permitted by Massachusetts General Laws chapters 149 and 151. This office will not take further enforcement action at this time.

Thank you for your attention to this matter.

Sincerely,

Bruce M. Trager

Bruce Trager
Assistant Attorney General

BT/blb

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 17-0553F | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): | David Manor, individually and on behalf of all others similarly situated | | COUNTY | Suffolk |
|---|---|---|---|---|
| ADDRESS: | Brookline, MA | | | |
| | | DEFENDANT(S): | Santander Securities LLC; | |
| | | | Santander Bank, N.A.; and | |
| ATTORNEY: | Sean T. Carnathan, David B. Mack, and Benjamin S. Kafka | | Santander Holdings USA | |
| ADDRESS: | O'Connor, Carnathan and Mack LLC | | ADDRESS: | 75 State Street, Boston, MA 02109 |
| 1 Van De Graaff Drive, Suite 104 | | | | |
| Burlington, MA 01803 | | | | |
| BBO: | 636889, 631106, and 640993 | | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. A99 | TYPE OF ACTION (specify) Other contract/business action | TRACK F | HAS A JURY CLAIM BEEN MADE? ☒ YES ☐ NO |
|---|---|---|---|

*If "Other" please describe:  Nonpayment of wages/commissions/incentive payments in violation of M.G.L. c. 149, sections 148, 150

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses ................................................................................................................... $ _____
    2. Total doctor expenses ..................................................................................................................... $ _____
    3. Total chiropractic expenses ............................................................................................................ $ _____
    4. Total physical therapy expenses .................................................................................................... $ _____
    5. Total other expenses (describe below) ........................................................................................... $ _____
                                                       Subtotal (A): $ _____

B. Documented lost wages and compensation to date ........................................................................... $ _____
C. Documented property damages to dated ............................................................................................ $ _____
D. Reasonably anticipated future medical and hospital expenses .......................................................... $ _____
E. Reasonably anticipated lost wages ..................................................................................................... $ _____
F. Other documented items of damages (describe below) ....................................................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$ _____

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Class action complaint for violation of the Wage Act, breach of contract, and unjust enrichment based on Defendants'

failure to pay earned commissions and/or incentive based payments to their former employees

Exact amount unknown but well in excess of
TOTAL: $ 25,000

Signature of Attorney/Pro Se Plaintiff: X                     Date: Feb 21, 2017

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                     Date: Feb 21, 2017

5

| CIVIL ACTION COVER SHEET | DOCKET NO(S) B.L.S. / 17 - 0553 | Trial Court Of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|

PLAINTIFF(S)
David Manor, individually and on behalf of all others similarly situated

DEFENDANT(S) Santander Securities LLC, Santander Bank, N.A., and Santander Holdings USA

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Board of Bar Overseers number
Sean T. Carnathan, David B. Mack, and Benjamin S. Kafka
636889      631108      640993
O'Connor Carnathan and Mack LLC
1 Van de Graaff Drive, Suite 104 Burlington, MA 01803
781-359-9000

ATTORNEY (if known)

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
FILED

MAR 13 2017

MICHAEL JOSEPH DONOVAN
CLERK OF COURT

Origin Code Original Complaint
BA2

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) CODE NO. TYPE OF ACTION (specify) TRACK IS THIS A JURY CASE? *
BA2 _____ (B) (X)Yes ( ) No

Claims relating to employment agreements

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

This case qualifies for entry into the Business Litigation Session as a case involving claims relating to employment agreements. Specifically, this case is brought by Plaintiff David Manor, individually and on behalf of all others similarly situated, and alleges that Defendants unlawfully and intentionally instituted a policy of refusing to pay earned commissions and/or incentive based payments to their former employees when such employees resigned or were terminated. Plaintiff brings claims for violation of the Wage Act, breach of contract, and unjust enrichment.

* A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods." Signature of Attorney of Record _____
DATE: 3/1/17

↘ This case is currently pending in Suffolk County Superior Court as C.A. No. 1784CV00553